BEFORE THE FIRST DIVISION, NOVEMBER 17, 1949

**No. 53726.**—Alberto Hernandez *v.* United States, petition 6684–R (Tampa).

Opinion by OLIVER, C. J.   The petition was dismissed.

COLE, J., dissented on jurisdictional grounds, citing *Geo. S. Bush & Co., Inc., et al.* v. *United States* (22 Cust. Ct. 158, C. D. 1175), *Fuchs Shoe Corp.* v. *United States* (id. 338, Abstract 53250), and *W. R. Zanes & Co.* v. *United States* (id. 339, Abstract 53251).

BEFORE THE THIRD DIVISION, NOVEMBER 17, 1949

**No. 53727.**—J. T. Steeb & Co., Inc. *v.* United States, petition 6718–R (Seattle).

Opinion by CLINE, J.   At the trial petitioner's customs broker testified that he had prepared the entry and amended entry; that he had discussed the amendment with the customs examiner; that the original invoice did not contain an item for packing and it was not noticed by the broker nor the examiner; that it was again overlooked at the time the amendment was made; that when the oversight was discovered by the examiner it was too late to reamend as the merchandise had been appraised.   On the record presented it was held that the petitioner, in making the entry in this case, acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

BEFORE THE THIRD DIVISION, NOVEMBER 21, 1949

**No. 53728.**—B. A. McKenzie &.Co., Inc., and Spear & Jackson (U. S.), Inc. *v.* United States, petition 6710–R (Tacoma).

Opinion by CLINE, J.   At the trial the customs broker testified that he had consulted the appraiser as to the proper entered value but that he (the appraiser) was not in a position to give any information at the time of entry; that in January 1945, the appraiser informed him that the discounts were not allowable as a deduction in arriving at the foreign value; that because of a doubt as to the correctness of the appraiser's views, the entry herein was not amended and an appeal for reappraisement was filed; and that subsequently the appeal was abandoned because the issues had been disposed of in connection with other reappraisement cases involving the same principle.   On the record presented it was held that the petitioners acted without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   The petition was therefore granted.